1
2
3
4          **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6
7   UNITED STATES OF AMERICA,                   )
8                        Plaintiff,             )        Case No. 2:15-cr-00044-GMN-GWF
                                                )
9   vs.                                         )        <u>**REPORT AND**</u>
                                                )        <u>**RECOMMENDATION**</u>
10  THEREN PHILLIP FRAZIER,                     )
                                                )
11                       Defendant.             )
    _____    )
12

13          This matter is before the Court on Defendant Frazier's Motion to Dismiss for Outrageous

14  Government Conduct (#76), filed on April 6, 2016.  The Government filed a Response (#80) on April

15  21, 2016 as well as a Supplemental Response (#82) on May 9, 2016.  Defendant Frazier did not file a

16  reply brief.  The Court conducted a hearing in this matter on May 11, 2016.

17                              **BACKGROUND**

18          Defendant Frazier is charged with five counts of interference with commerce by robbery in

19  violation of 18 U.S.C. § 1951 (the "Hobbs Act"); five counts of conspiracy to interfere with commerce

20  by robbery in violation of 18 U.S.C. § 1951(a); two counts of bank robbery in violation of 18 U.S.C. §

21  2113(a) and (d); one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371;

22  seven counts of brandishing a firearm in a crime of violence in violation of 18 U.S.C. §

23  924(c)(1)(A)(ii); one count of felon in possession of a firearm in violation of 18 U.S.C. §§  922(g)(1)

24  and 924(a)(2); and one count of tampering with a witness in violation of 18 U.S.C. § 1512(b)(1).

25  *Superseding Indictment (#54)*.  The charges arise out of a string of armed robberies that allegedly

26  occurred between September 6 and November 10, 2014.  *Id.*  Defendant Frazier was alleged to have

27  committed and conspired to commit these robberies in concert with Eric Jamar Goodall ("Goodall"),

28  Phillip Allerson Vaughn ("Vaughn"), and D'Mycole Ondre Boxley ("Boxley").

1   On February 23, 2015, Boxley pled guilty to robbing the U.S. Bank together with Defendant

2   Frazier on October 29, 2014. *United States v. D'Mycole Ondre Boxley*, Case No. 2:15-cr-00039-JAD-

3   PAL, Dkt. #27 (D. Nev.). On May 26, 2015, Goodall pled guilty to the October 16, 2014 robbery of

4   the O'Reilly's Auto Parts store together with Defendant Frazier and Vaughn, the November 10, 2014

5   robbery of the Cricket Store together with Defendant Frazier, and the November 10, 2014 robbery of

6   the National Jewelry Liquidation Center together with Defendant Frazier and Vaughn. *United States v.*

7   *Eric Jamar Goodall,* Case No. 2:15-cr-00077-JCM-VCF, Dkt. #65 (D. Nev.). On August 5, 2015,

8   Vaughn pled guilty to the October 16, 2014 robbery of the O'Reilly's Auto Parts store in concert with

9   Defendant Frazier and Goodall, and the November 10, 2014 robbery of the National Jewelry

10  Liquidation Center in concert with Defendant Frazier and Goodall. *United States v. Phillip Allerson*

11  *Vaughn,* Case No. 2:15-cr-00078-JAD-NJK, Dkt. #64 (D. Nev.). Boxley, Goodall, and Vaughn were

12  all placed under oath and made these admissions under penalty of perjury.

13  On or about April 15, 2015, Defendant Frazier's counsel received a notarized letter from

14  Goodall stating that his earlier statements, which implicated Defendant Frazier as the driver during the

15  October 14, 2014 robbery of O'Reilly's Auto Parts and the November 10, 2014 robberies of the

16  Cricket Store and the National Jewelry Liquidation Center, were untrue. *See Letter (#76-1).* He also

17  recanted his allegation that Defendant Frazier brandished a firearm during these robberies. *Id.* In

18  addition, Goodall stated that he "was made to believe that [Defendant] would testify against [him] in

19  court and would cause [his] imprisonment to be longer." *Id.* However, on August 5, 2015, Goodall

20  testified in front of a federal grand jury regarding this letter.[1] Goodall testified that on April 15, 2015,

21  he was approached by Defendant Frazier who advised Goodall that he did not want to take

22  responsibility for the O'Reilly's Auto Parts store, Cricket Store, and National Jewelry Liquidation

23  Center robberies. Goodall testified that Defendant Frazier told him to write the letter and what to

24  write. He further testified that he agreed to write the letter because he felt threatened or intimidated by

25  Defendant Frazier. Goodall stated that Defendant Frazier actually mailed the letter to his counsel. This

26

27   [1] The Government attached the sealed grand jury transcript to its Supplemental Opposition to Defendant's Motion to Dismiss (#82). While the transcript remains under seal, Defendant Frazier and his counsel were provided a copy of the

28   Supplemental Opposition and afforded an opportunity to respond to its contents in open court on May 11, 2016.

1  testimony subsequently led to the Superseding Indictment which asserted an additional charge against

2  Defendant Frazier of tampering with a witness in violation of 18 U.S.C. § 1512(b)(1).  *See*

3  *Superseding Indictment (#54)*.

4  However, based on the information in Goodall's letter, Defendant Frazier asserts that the

5  Government engaged in outrageous conduct by improperly pressuring or manipulating Goodall to

6  modify his testimony in order to obtain a conviction against him.  Defendant Frazier therefore requests

7  an evidentiary hearing to show that the Government in fact engaged in said conduct and, as such, that

8  the charges against Defendant Frazier should be dismissed.

9  **DISCUSSION**

10  **I.   Claim of Outrageous Government Conduct**

11  The potential for dismissal based on outrageous government conduct in violation of the Due

12  Process Clause of the Fifth Amendment was recognized by the Supreme Court in *United States v*

13  *Russell*, 411 U.S. 423, 431-32 (1973) and *Hampton v. United States*, 425 U.S. 484 (1976).  Dismissal

14  on this basis is limited to extreme cases in which the government's conduct violates fundamental

15  fairness and is shocking to the universal sense of justice.  *United States v. Williams*, 547 F.3d 1187,

16  1199 (9th Cir. 2008), citing *United States v. Holler*, 411 F.2d 1061, 1065 (9th Cir. 2005); *see United*

17  *States v. Ryan*, 548 F.3d 782, 789 (9th Cir. 1976) (explaining that "the due process channel which

18  *Russell* kept open is a most narrow one").  As a result, to "secure the dismissal of an indictment on due

19  process grounds, 'a defendant must meet an extremely high standard.'"  *United States v. Nobari*, 574

20  F.3d 1065, 1081 (9th Cir. 2009) (*quoting United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991)).

21  Furthermore, when reviewing a claim that the indictment should be dismissed because the

22  government's conduct was so outrageous as to violate due process, evidence is viewed in the light most

23  favorable to the government.  *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003).

24  A district court may also exercise its supervisory powers to dismiss an indictment in response

25  to outrageous government conduct that falls short of a due process violation.  To justify the exercise of

26  the court's supervisory powers, however, the government's misconduct must (1) be flagrant and (2)

27  cause substantial prejudice to the defendant.  *United States v. Fernandez*, 388 F.3d 1199, 1239 (9th

28  Cir. 2004), citing *United States v. Ross*, 372 F.3d 1097, 1109 (9th Cir. 2004).  Where the motion

1   concerns the government's out-of-court conduct, dismissal is not proper absent a constitutional or

2   statutory violation.  Dismissal on this ground also requires that no other lesser remedial action be

3   available.  *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008).

4          Here, Defendant Frazier fails to demonstrate that the Government acted in a way that was "so

5   excessive, flagrant, scandalous, intolerable, and offensive as to violate due process."  *United States v.*

6   *Edmonds*, 103 F.3d 822, 825 (9th Cir. 1996).  Defendant Frazier asserts that the Government granted

7   Goodall unwarranted leniency or improperly encouraged him to falsely incriminate Defendant Frazier.

8   The only evidence Defendant Frazier has provided to support this assertion is the letter from Goodall

9   —which the Government asserts was penned at the direction of Defendant Frazier.  The only

10  information in this letter that supports Defendant Frazier's theory of improper Government conduct is

11  Goodall's statement that he "was made to believe that [Defendant] would testify against [him] in court

12  and would cause [his] imprisonment to be longer."  However, the letter makes no mention of who led

13  him to believe this.  Assuming *arguendo* that the Government's agents misled Goodall into believing

14  that Defendant Frazier would testify against him, such conduct does not rise to the level of outrageous

15  government conduct.  Both the Supreme Court and the Ninth Circuit have stated that deceptive

16  statements by law enforcement are well within the range of permissible interrogation tactics necessary

17  to secure a lawful confession.  *See, e.g. Frazier v. Cupp*, 394 U.S. 731, 739 (1969) (holding that a

18  police officer's lie to defendant about his cousin confessing to the commission of a murder was

19  "insufficient in [the Supreme Court's] view to make [an] otherwise voluntary confession

20  inadmissible");  *United States v. Orso*, 266 F.3d 1030, 1039 (9th Cir. 2001) (holding that an

21  inspector's misrepresentation that a piece of evidence existed, while reprehensible, does not constitute

22  coercive conduct); *see also United States v. Crawford,* 372 F.3d 1048, 1061 (9th Cir. 2004) (finding

23  that "trickery is not automatically coercion").  Therefore, the Court finds that Defendant Frazier has

24  not shown that he is entitled to have this matter dismissed due to outrageous government conduct.

25         A court may grant an evidentiary hearing on a pre-trial motion, including a motion to dismiss,

26  where defendants "allege facts with sufficient definiteness, clarity, and specificity to enable the trial

27  court to conclude that contested issues of fact exist."  *United States v. Howell*, 231 F.3d 615, 620 (9th

28  Cir. 2000); *see also United States v. Cano–Gomez*, 460 Fed.Appx. 656, 657 (9th Cir. 2011)

(unpublished) (reviewing denial of evidentiary hearing on motion to dismiss).  The court need not hold a hearing on a defendant's pretrial motion "merely because a defendant wants one.  Rather, the defendant must demonstrate that a significant disputed factual issue exists such that a hearing is required." *Id.* (internal citation omitted).  The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *See United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir. 1979) *amended by* 609 F.2d 433 (9th Cir. 1979).

Defendant Frazier asserts that at an evidentiary hearing he will be able to prove that he did not threaten or in any way coerce Goodall to write the letter.  On the contrary, Defendant Frazier believes that the Government improperly negotiated with or coerced Goodall to falsely implicate Defendant Frazier in the robberies.  Upon review, the Court finds that Defendant Frazier has failed to provide a factual basis to support an evidentiary hearing.  The driving force behind Goodall's letter remains unsubstantiated and Defendant Frazier's conclusory allegations are not enough to persuade the Court that issues of fact exist to warrant an evidentiary hearing.  Therefore, the Court will deny Defendant Frazier's request.  Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant Frazier's Motion to Dismiss for Outrageous Government Conduct (#76) be **denied**.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

5

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of May, 2016.


GEORGE FOLEY, JR.
United States Magistrate Judge

6