1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )   Case No.  2:15-cr-044-GMN-GWF
                                   )
vs.                                )   **FINDINGS &**
                                   )   **RECOMMENDATIONS**
                                   )
THEREN FRAZIER,                    )   **Re:  Motion to Dismiss (#75)**
                                   )
                    Defendant.     )
_____)

        This matter is before the Court on Defendant Theren Frazier's Motion to Dismiss Counts of the Indictment Which are Constitutionally Vague (#75), filed on April 6, 2016.  The Government filed its Response (#79) on April 21, 2016 and Defendant filed his Reply (#81) on April 26, 2016. The Court conducted a hearing in this matter on May 11, 2016.

                                **BACKGROUND**

        Defendant Theren Frazier is charged in a twenty-two count superceding indictment filed on August 5, 2015.  *Superceding Indictment (#54)*.  In Counts One, Four, Seven, Fifteen, and Eighteen, Defendant is charged with conspiracy to interfere with commerce by robbery (Hobbs Act Conspiracy) in violation of 18 U.S.C. §§ 1951 and 2.  In Counts Two, Five, Eight, Sixteen, and Nineteen, Defendant is charged with interference with commerce by robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951 and 2.  The Hobbs Act robbery counts state that Defendant unlawfully took and obtained property "from the person and in the presence of the employees and agents of [the listed commercial establishment], against their will, by means of actual and threatened force, violence and fear of injury, immediate and future, to the persons of said employees and agents."  With respect to the Hobbs Act conspiracy and robbery counts, Defendant is also charged in Counts Three, Six, Nine, Seventeen, and Twenty with brandishing a firearm during a crime of violence in violation of 18

U.S.C. § 924(c)(1)(A)(ii) and 2.  Defendant is charged in Counts Ten and Thirteen with bank robbery in violation of 18 U.S.C. 2113(a), and in Count Twelve with conspiracy to commit bank robbery in violation of 18 U.S.C. of 18 U.S.C. 2113(a) and 2.  He is charged in Counts Eleven and Fourteen with brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 with respect to the bank robberies.

Defendant argues that the Hobbs Act conspiracy and robbery charges do not constitute "crimes of violence" within the meaning of 18 U.S.C. § 924(c)(1)(A).  Although the motion requests dismissal of the Hobbs Act robbery counts, based on his arguments, Defendant's actual request is for dismissal of the § 924(c)(1)(A)(ii) charges in Counts Three, Six, Nine, Seventeen, and Twenty. Defendant does not seek dismissal of the § 924(c)(1)(A)(ii) charges in Counts Eleven and Fourteen relating to the alleged bank robberies under 18 U.S.C. § 2113(a) and 2.  The Government argues that the Hobbs Act conspiracy and robbery counts constitute "crimes of violence" under § 924(c)(1)(A) and that Defendant's motion should therefore be denied.

## DISCUSSION

The Hobbs Act, 18 U.S.C. § 1951(a), states as follows:

> Whosoever in any way obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years or both.

§ 1951(b)(1) of the Act defines robbery as follows:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person, or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 924(c)(1)(A) imposes an additional sentence on "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States,

uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm."

§ 924(c)(1)(A)(ii) provides that a sentence of not less than 7 years shall be imposed if a firearm is brandished during the commission of the crime.

§ 924(c)(3) defines crime of violence as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and —
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause of this definition is generally referred to as the "force clause" and the second is referred to as the "residual clause."

In *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265 (2010), the Supreme Court clarified what constitutes a "violent felony" under the force clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i), which is identical to the force clause in § 924(c)(3)(A). The district court in *Johnson* imposed an additional sentence based on defendant's three prior "violent felony" convictions, one of which was for felony battery under Florida law. The Florida statute provided that "a battery occurs when a person either '[a]ctually and intentionally touches or strikes another person against his [will]," or "[i]ntentionally causes bodily harm to another person." 130 S.Ct. a 1269. In reversing, the Supreme Court stated that the phrase "physical force" as used in the force clause of the ACCA "means *violent* force – that is, force capable of causing physical pain or injury to another person." 130 S.Ct. at 1271. Applying the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143 (1990), the Court held that because battery under the Florida statute could be committed by a "mere-touching," it did not categorically qualify as a "violent felony" under the ACCA force clause.

In light of *Johnson*, the Ninth Circuit has held that certain other state and federal crimes do not qualify as "violent felonies" or "crimes of violence" under the force clause. In *United States v. Parnell*, — F.3d —, 2016 WL 1633167 (9th Cir. April 12, 2016), the court held that a conviction for "armed robbery" under a Massachusetts statute did not categorically qualify as a "violent felony"

under the ACCA because Massachusetts courts had upheld convictions under the statute based on a minimal use of force, including snatching a purse under circumstances in which the victim did not resist, suffered no injury and was not placed in fear. *Id.*, at *2. The court stated that this level of force did not constitute force 'capable of causing physical pain or injury to another person.'" *Id.*, at *3. In *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), the court held that assault on a federal officer in violation of 18 U.S.C. 111(a)(1) was not categorically a "crime of violence" under U.S.S.G. § 2.L1.2(b)(1)(A)(ii) "because it reached conduct such as chasing a prosecutor down the street and bumping into him, walking up to a prosecutor and jolting her arm and shoulder, grabbing a wildlife agent's jacket or spitting in a mail carrier's face." *Id.*

Since *Johnson*, no Court of Appeal has determined whether a Hobbs Act robbery categorically qualifies as a "violent felony" under the force clause of the ACCA or as a "crime of violence" under § 924(c)(3)(A). Several district courts have denied pretrial motions to dismiss charges under § 924(c)(3)(A) based on a Hobbs Act robbery, but have used different approaches to arrive at this result. The Court discusses these approaches in the following sections.

1.   **Whether the Court is required to apply the "categorical approach" or "modified categorical approach" in ruling on a pretrial motion to dismiss charges under 18 U.S.C. § 924(c).**

Federal courts are required to apply the "categorical approach," as outlined in *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143 (1990), in determining whether a prior conviction qualifies as a violent felony under the ACCA or similar statutes or guidelines that consider a defendant's prior convictions in imposing sentence. Under the categorical approach, the court evaluates whether the defendant's prior conviction corresponds to an offense enumerated as a violent felony in § 924(e)(2) by examining only "'the fact of conviction and the statutory definition of the prior offense.'" *United States v. Jennings*, 515 F.3d 980, 987 (9th Cir. 2008), quoting *Taylor v. United States*, 495 U.S. at 602. If the statute of conviction is overinclusive, by criminalizing some conduct that would qualify as a predicate offense and other conduct that would not, then the offense does not qualify as a predicate offense. "*Taylor* authorizes courts to 'go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the enumerated offense].'" *Id.* In such cases, the court employs the "modified categorical approach" and examines the charging paper,

4

jury instructions, and other judicially approved documents to determine whether the defendant was necessarily convicted of an offense corresponding to one listed in § 924(e)(2).

The modified categorical approach was further explained and limited in *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276, 2283 (2013).  The Supreme Court reiterated that under the categorical approach, "[i]f the relevant statute has the same elements as the 'generic' ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statue defines the crime more narrowly, because anyone convicted under that law is 'necessarily ... guilty of all of the [generic crime's] elements.' . . .  But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.  Descamps* held that a sentencing court may apply the "modified categorical approach" only if the statute under which the defendant was convicted is divisible, i.e, a statute that has alternative elements at least one of which corresponds to the elements of a generic crime under the federal statute.  In such cases, the court can look to the charging document, jury instructions, or plea agreement to determine if the defendant was convicted of an offense that meets the definition of the generic crime.

District court decisions from different circuits have recently stated that the categorical approach or modified categorical approach should not be applied to a pretrial motion to dismiss charges under 18 U.S.C. § 924(c)(1)(A).  Because the Supreme Court and Courts of Appeal have not ruled on this issue, however, the district courts have still proceeded to evaluate the predicate statute under the categorical approach or modified categorical approach.  In *United States v. McDaniels*, 2015 WL 7455539 (E.D.Va. November 23, 2015), the court explained why the categorical approach should not be applied to a pre-trial motion to dismiss a §924(c)(1)(A) count based on a Hobbs Act robbery charged in the same indictment:

> In such circumstances, it is inappropriate to apply the categorical approach.  The phrase "crime of violence" is an element of § 924(c)—rather than a sentencing factor—and therefore "must be submitted to a jury and found beyond a reasonable doubt." *See Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013).  Some offenses may be *categorically* crimes of violence, while others may be *categorically* not crimes of violence.  That is, the commission of some crimes may always be violent while the commission of others may never be violent.  In any event, the point here

1
2
3
4
5
6
7
8

is that in this case the task of assessing whether the facts of the Hobbs Act robbery as alleged here fit the definition set forth in § 924(c)(3) belongs to a properly instructed jury. Specifically, in the case at bar, a jury would be instructed that defendant's commission of the Hobbs Act robberies alleged qualify as crimes of violence only if the jury finds that the government has proven beyond a reasonable doubt that the commission of the Hobbs Act robberies "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To conclude otherwise—to conclude that the categorical approach applies and that a Hobbs Act robbery is not categorically a crime of violence for purposes of a motion to dismiss an indictment—would effectively eliminate § 924(c) offenses for cases where the predicate offense is a Hobbs Act robbery, even in the most violent of circumstances. This anomalous result is one that Congress clearly never anticipated or intended.[1]

9
10
11

In sum, the categorical approach does not apply on a pre-trial motion to dismiss an indictment, and therefore the question whether the commission of a particular Hobbs Act robbery qualifies as a § 924(c) crime of violence is properly submitted to a jury properly instructed as to the definition of a crime of violence set forth in § 924(c)(3).

12    2015 WL 7455539, at *4.

13    *See also United States v. Standberry*, 2015 WL 5920008 (E.D.Va. October 9, 2015) which,

14    like *McDaniels*, involved an alleged Hobbs Act robbery. In *United States v. Church*, 2015 WL

15    7738032 (N.D. Ind. December 1, 2015), the court stated that § 924(c) does not require a court to

16    make a determination based on a prior conviction. Instead, a jury will be required to find whether the

17    necessary elements have been established beyond a reasonable doubt. The court stated that "§ 924(c)

18    does not implicate any of the problems that exist under the ACCA in having to reconstruct, long after

19    the original conviction, the conduct underlying the predicate offense." *Id.*, at *6. *United States v.*

20    *Monroe*, 2016 WL 270316, *6 (W.D.Pa. January 21, 2016) and *United States v. Collins*, 2016 WL

21    1639960, *29 (N.D.Ga. February 9, 2016) agree with *McDaniels, Standberry,* and *Church* that the

22    categorical approach does not apply to a pre-trial motion to dismiss an indictment alleging a Hobbs

23    Act robbery as the predicate crime of violence under § 924(c).

24    Two recent district court decisions in the Ninth Circuit raise doubt, however, as to whether

25    courts in this Circuit can dispense with the categorical approach in deciding pretrial motions to

26    _____

27    [1]This argument assumes that Hobbs Act robbery is not categorically a crime of violence. Later in the
decision, however, the court concludes that Hobbs Act robbery is categorically a crime of violence. *McDaniels*,
28    at *4-*6.

1   dismiss charges under § 924(c).  In *United States v. Watson*, 2016 WL 866298 (D.Haw. March 2,

2   2016), the court agreed with *McDaniels, et al,* that "[w]hile the language of the ACCA's force clause

3   is substantially identical to Section 924(c)(3)(A), a court determining whether a prior offense under

4   the ACCA is a 'violent felony' is conducting what amounts to a cold record review of a prior

5   conviction, whereas a court determining a 'crime of violence' under Section 924(c)(3) is looking at a

6   predicate crime that is charged in the *same case.*  In other words, under Section 924(c)(3), a court is

7   not looking at a prior conviction where facts may be lost or unclear, and the concern in the ACCA

8   cases regarding a collateral trial or judge-found facts does not exist."  *Id*., at *6, n. 4.  The court

9   stated, however, that "[i]n the absence of guidance to the contrary within this Circuit, the Court

10  continues to apply the categorical approach as the first step in its analysis."  *Id.*

11       In *United States v. Bell*, — F.Supp.3d —, 2016 WL 344749,*2 (N.D.Cal. January 28, 2016),

12  the court briefly stated that "[t]o determine whether an offense qualifies as a 'crime of violence'

13  under section 924(c)(3), the Ninth Circuit applies the categorical approach set forth in *Taylor v.*

14  *United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).  *See United States v. Piccolo*,

15  441 F.3d 1084, 1086-87 (9th Cir. 2006) ('In the context of crime of violence determinations under

16  section 924(c), our categorical approach applies regardless of whether we review a current or prior

17  crime.')."  In *Piccolo*, the Ninth Circuit noted that in *United States v. Amparo*, 68 F.3d 1222, 1225-26

18  (9th Cir. 1995) it "considered the possibility of using a case-by-case approach when reviewing the

19  instant crime of conviction but declined to do so in light of our general commitment to deciding rules

20  of law on categorical grounds. [] Although the categorical analysis is driven in part by a policy

21  decision to 'avoid ad-hoc mini-trials regarding an individual's *prior* convictions' during sentencing

22  hearings,' *Amparo*, 68 F.3d at 1225 (emphasis added) (citing *United States v. Sherbondy*, 865 F.2d

23  996, 1008 (9th Cir. 1988)), the absence of that problem did not preclude us from adopting the

24  categorical approach." 441 F.3d at 1087.  Although *McDaniels*, *Church, Monroe* and *Collins* provide

25  sound arguments why the categorical approach should not apply to pretrial motions to dismiss

26  charges under § 924(c)(1)(A), this Court concludes that the categorical approach should be applied by

27  courts in this Circuit until such time as *Piccolo* and *Amparo* are overruled or otherwise distinguished

28  by the Court of Appeals.

### 2. Whether Hobbs Act robbery constitutes a crime of violence under § 924(c)(1)(A) pursuant to the categorical or modified categorical approaches.

Some courts have held that 18 U.S.C. § 1951 is a divisible statute pursuant to *Descamps* in that "a Hobbs Act violation may be pleaded with reference to six alternative crimes, among them 'robbery,' as defined in § 1951(b), 'extortion,' as defined in § 1951(c), *or* 'commit[ing] or threaten[ing] physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.' 18 U.S.C. § 1951(a)." *United States v. Collins*, 2016 WL 1639960, at *30, citing *United States v. Brownlow*, 2015 WL 6452620, *3 (N.D.Ala. October 26, 2015) and *United States v. Mackie*, 2015 WL 5732554, *3 (W.D.N.C. September 30, 2015).[2] Because § 1951 is a divisible statute to this extent, the court can apply the modified categorical approach in inspecting the indictment "to determine which alternative forms the basis of the Hobbs Act violations charged in [the] case." *Collins*, at *30. The court in *Collins* determined from the face of the indictment that the defendant was charged with "the Hobbs Act violation of 'commit[ing] or threaten[ing] physical violence to [a] person or property in furtherance of a plan or purpose' to commit Hobbs Act robbery." *Id.* The court further stated that "[c]ommit[ing] or threaten[ing] physical violence to any person or property *per se* meets § 924(c)(3)(A)'s definition of 'crime of violence' as an offense that 'has as an element the use ... or threatened use of physical force against the person or property of another.'" *Id.*, at *31.

In *United States v. Evans*, 2015 WL 6673182 (E.D.N.C. October 20, 2015), the court agreed with *Mackie*, and therefore with *Collins,* that the Hobbs Act is a divisible statute because multiple versions of the crime are set forth in the statute as alternative elements of the offense. *Id.*, at *3. Applying the modified categorical approach, the court determined that the indictment charged defendant with two counts of Hobbs Act robbery. The court further stated that while a Hobbs Act robbery may be committed by diverse means, these do not constitute diverse elements such as to

---

[2]*Mackie* states that a violation of the Hobbs Act can be pled (1) by robbery; (2) by extortion; (3) by attempting to so rob and extort; (4) by conspiring to so rob or extort; (5) by committing physical violence to any person or property in furtherance of a plan or purpose to so rob or extort; or (6) by threatening to commit physical violence to any person or property in furtherance of a plan or purpose to so rob or extort. 2015 WL 5732554, at *3. *See also United States v. Redmond*, 2015 WL 5999317, *3 (W.D.N.C. October 13, 2015).

1   make the statute further divisible.  The court stated: "Specifically, although every Hobbs Act robbery

2   under 18 U.S.C. § 1951 must result from 'the unlawful taking or obtaining of personal property from

3   the person or in the presence of another, against his will,' *see* 18 U.S.C. § 1951(b), the unlawful

4   taking may be effected by diverse means.  A defendant may use either means of: (1) actual or

5   threatened force; (2) violence; or (3) fear of injury, immediate or future, to another person or his

6   property in the commission of the crime." *Evans*, at *3.[3]  Because the statute was not further

7   divisible, the court stated that it was required to determine whether "the most innocent conduct"

8   proscribed by the act qualifies as a crime of violence under 18 U.S.C. § 924(c).

9           The court in *Evans* stated that Hobbs Act robbery under 18 U.S.C. § 1951 is clearly a crime of

10  violence when the offense is committed by means of either (1) actual or threatened force or (2)

11  violence.  *Id.*, at *4.  This left for consideration whether the third means of committing Hobbs Act

12  robbery, fear of injury, immediate or future, to another person or his property, satisfies the definition

13  of crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A).  In answering this question,

14  the court responded to the argument made by defendants in several cases that the "fear of injury,

15  immediate or future" does not require the threatened use of physical force.  This argument relies on

16  *United States v. Torres-Miguel*, 701 F.3d 165, 167, 168-169 (4th Cir. 2012) which stated that "a

17  crime may *result* in death or serious injury without involving *use* of physical force.  For example, as

18  the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to poison

19  another, which involves no use or threatened use of force."  In rejecting this argument, *Evans*, at *5,

20  states as follows:

21          Subsequent to the Court of Appeals decision in *Torres-Miguel*, the
            Supreme Court provided further guidance regarding its definition of
22          "physical force."  In *United States v. Castleman*, — U.S. —, 134 S.Ct.
            1405, 1416-17 (2014), Justice Scalia, commenting on the causal
23          connection between bodily injury and physical force, stated, "*it is
            impossible to cause bodily injury without using force 'capable of'*
24          *producing that result.*"  *Castleman*, 134 S.Ct. at 1416-17(Scalia, J.
            concurring) (emphasis added).  "'[I]ntentionally or knowingly caus[ing]
25          bodily injury' ... categorically involves the use of 'force capable of
            causing physical pain or injury to another person'" (i.e. "physical force"

26

27
        [3]This Court is doubtful that there is a real distinction between "actual or threatened force" and
28  "violence."

or "violent force" as defined by *Johnson* 2010).  *Id.* at 1417, (citing *Johnson*, 559 U.S. at 140).  Therefore, following Justice Scalia's logic, placing someone "in fear of bodily harm" necessarily results from a threat of physical force.[4]

The court stated that "[t]o place another person in "fear of injury," particularly in the context of a felony robbery statute, the offender must threaten to "us[e] force capable of producing that result"—and this use of force fits the definition of "physical force" or "violent force" established in *Johnson* 2010 and clarified by Justice Scalia in *Castleman*."  *Evans*, at *5.  The court also stated that this interpretation of placing a person in fear of injury through the use or threat of physical or violent force was consistent with the common law definition of robbery which distinguished it from the common-law definition of larceny.  *Id*, at *5-*6 (discussing the legal commentaries of Sir Edward Coke and William Blackstone).  The court therefore concluded that in light of the compelling clarification of the definition of "physical force" in *Castleman* and insights derived from common law definitions, Hobbs Act robbery under 18 U.S.C. § 1951 necessarily has as an element the "use, attempted use, or threatened use of physical force" and is, therefore, categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A).  *Id.*, at *6.

. . .

---

[4]The majority opinion in *Castleman* also rejected the argument that intentionally caused bodily injury can be inflicted without the use of physical force, stating:

> But as we explained in *Johnson*, "physical force" is simply "force exerted by and through concrete bodies," as opposed to "intellectual force or emotional force."  559 U.S., at 138, 130 S.Ct. 1265.  And the common-law concept of "force" encompasses even its indirect application.  "Force" in this sense "describ[es] one of the elements of the common-law crime of battery," *id.*, at 139, 130 S.Ct. 1265, and "[t]he force used" in battery need not be applied directly to the body of the victim." 2 W. LaFave, Substantive Criminal Law § 16.2(b) (2d ed. 2003).  "[A] battery may be committed by administering a poison or by infecting with a disease, or even by resort to some intangible substance," such as a laser beam.  *Ibid.* (citations omitted).
> . . .
> The "use of force" in Castleman's example is not the act of "sprinkl[ing] the poison; it is the act of knowingly employing a device to cause harm.  That the harm occurs indirectly rather than directly (as with a kick or punch) does not matter.  Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.

*Castleman*, 134 S.Ct. at 1414-15.

1    Other courts have also rejected hypothetical arguments that a person can be placed in fear of
2  bodily injury by threats that do not involve the use of physical force, such as by threatening to place a
3  barrier in front of the person's car, or to lock him up in his car on a hot day.  In rejecting these
4  examples, the courts have also quoted the majority opinion in *Castleman* as set forth in footnote 5 of
5  this decision.  *See United States v. Monroe*, 2016 WL 270316, at *5; *United States v. McDaniels*,
6  2015 WL 7455539, at *5; *United States v. Collins*, 2016 Wl 1639960, at *28-*29 (rejecting
7  hypothetical examples of threats made against the victim's property); and *United States v. Bell*, 2016
8  WL 344749, at *7-*8.

9    The Court has not found any decision subsequent to *Johnson* which holds that Hobbs Act
10  robbery is not categorically a crime of violence under § 924(c)(3)(A).  This Court agrees with the
11  cases discussed above that Hobbs Act robbery is categorically a crime of violence under the definition
12  in the force clause.  Based on that determination, it is unnecessary to decide whether the residual
13  clause in § 924(c)(3)(B) is unconstitutional in light of *Johnson v. United States*, — U.S. —, 135 S.Ct.
14  2551 (2015).  *See United States v. Evans*, 2015 WL at *6, citing *Ashwander v. TVA*, 297 U.S. 288,
15  347 (1936) (Brandeis, J., concurring) (stating that it is not the habit of the court to decide
16  constitutional questions unless absolutely necessary).  *See also United States v. Monroe*, 2016 WL
17  270316, at *6 (declining to reach the constitutional issue).

18                                                 **CONCLUSION**

19    The Hobbs Act robbery counts in the superceding indictment allege that Defendant unlawfully
20  took and obtained property from the person and in the presence of the employees and agents of the
21  commercial establishments, against their will, by means of actual and threatened force, violence and
22  fear of injury, immediate and future, to the persons of said employees and agents.  Based on that
23  allegation, Counts Three, Six, Nine, Seventeen and Twenty properly allege "crimes of violence"
24  under 18 U.S.C. § 924(c)(1)(A), as defined in 18 U.S.C. § 924(c)(3)(A).  Accordingly,

25                                               **RECOMMENDATION**

26    **IT IS RECOMMENDED** that Defendant Theren Frazier's Motion to Dismiss Counts of the
27  Indictment Which are Constitutionally Vague (#75) be **denied**.

28  . . .

1

**NOTICE**

2          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

3   writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

4   that the courts of appeal may determine that an appeal has been waived due to the failure to file

5   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

6   held that (1) failure to file objections within the specified time and (2) failure to properly address and

7   brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

8   factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

9   1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10         DATED this 20th day of May, 2016.

11

12                                                            _____
                                                             GEORGE FOLEY, JR.
13                                                           United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28