# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cr-0044-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| THEREN PHILLIP FRAZIER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation of United States Magistrate Judge George Foley, Jr. (ECF No. 86), which states that Defendant Theren Phillip Frazier's Motion to Dismiss Counts of the Indictment which are Constitutionally Vague (ECF No. 75) should be denied. On May 31, 2016, Defendant timely filed his Objection. (ECF No. 88). On June 16, 2016, the Government timely filed a Response. (ECF No. 92).

**I.    BACKGROUND**

On August 5, 2015, a Superseding Indictment (ECF No. 54) was entered charging Defendant with twenty-two counts. At issue here are Counts One through Nine and Counts Fifteen through Twenty, which relate to five alleged armed robberies. These counts proceed in groups of three for each alleged robbery: first, Conspiracy to Interfere with Commerce by Robbery (also referred to as Hobbs Act Robbery Conspiracy) under 18 U.S.C. § 1951; second, Interference with Commerce by Robbery (or, Hobbs Act Robbery) under 18 U.S.C. § 1951; and third, Brandishing of a Firearm in a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(ii), with the referenced crime of violence as the prior two counts (Hobbs Act Robbery Conspiracy and Hobbs Act Robbery).

In his Motion to Dismiss, Defendant seeks to dismiss the counts charging Brandishing of a Firearm in a Crime of Violence in relation to the Hobbs Act Conspiracy and Robbery charges

because "the Hobbs Act conspiracy and robbery charges do not constitute 'crimes of violence' within the meaning of 18 U.S.C. § 924(c)(1)(A)." (R. & R. 2:6–7, ECF No. 86).[1] Judge Foley found that "Hobbs Act robbery is categorically a crime of violence under the definition in the force clause [under § 924(c)(1)(A)]," so he recommended denial of the motion. (*Id.* 11:9–12).

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III.   DISCUSSION

Defendant's objection asserts that Judge Foley erred by not explaining or distinguishing *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), a recent Ninth Circuit case finding that a Massachusetts state statute criminalizing armed robbery did not categorically qualify as a violent felony. (*Id.* 2:3–9, 4:1–11).  However, after Judge Foley's Report and Recommendation was filed, the Ninth Circuit filed an unpublished decision holding that Hobbs Act Robbery constitutes a crime of violence under § 924(c)(3)(A). *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) *as amended* (June 24, 2016).  This holding is further supported by the Ninth Circuit's previous statement: "Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of 'actual or threatened force, or violence')." *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993).  As such,

---

[1] Defendant's Motion states that he is seeking to dismiss Counts Two, Five, Eight, Sixteen, and Nineteen that charge Defendant with "possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)." (Mot. to Dismiss 1:25–27, ECF No. 75).  As Judge Foley explains, the counts enumerated by Defendant refer to the Hobbs Act Robbery counts, but "Defendant's actual request is for dismissal of the § 924(c)(1)(A)(ii) charges in Counts Three, Six, Nine, Seventeen, and Twenty." (R. & R. 2:7–9).

the Court finds that analysis of *Parnell*, a case regarding a separate state statute, was unnecessary, and Judge Foley did not err.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 86) and denies Defendant's Motion to Dismiss.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 86) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 75) is **DENIED**.

**DATED** this  5  day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court