# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:15-cr-00044-GMN-GWF-1 |
| vs. ) | |
| ) | **ORDER** |
| THEREN PHILLIP FRAZIER, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Theren Phillip Frazier's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Mot. Comp. Rel."), (ECF No. 146). The Government filed a Response, (ECF No. 150), and Petitioner filed a Reply, (ECF No. 153). For the reasons discussed below, the Court **DENIES** Petitioner's Motion.

**I.     BACKGROUND**

On September 19, 2016, Petitioner pleaded guilty to Counts 10, 13, 19, 20 and 21 of the Superseding Indictment: two counts of Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2; one count of Interference with Commerce by Robbery (Hobbs Act Robbery) in violation of 18 U.S.C. §§ 1951 and 2; one count of Brandishing of a Firearm in a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Mins. Proceedings, ECF No. 113); (J., ECF No. 126). On December 22, 2016, Petitioner was sentenced to 96 months custody as to Counts 10, 13, 19, and 21 concurrent to one another, and 84 months custody as to Count 20 consecutive to the other counts, resulting in a total of 180 months custody, to be followed by 3 years supervised release. (J., ECF No. 126).

In June 2019, the Supreme Court issued its decision in *United States v. Davis*, which considered the constitutionality of 18 U.S.C. § 924(c). 139 S. Ct. 2319 (2019). Section 924(c) generally prohibits the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. The statute defines a "crime of violence" as:

> An offense that is a felony and (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. Jan. 28, 2016). In *Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague. 139 S. Ct. at 2335–36 (2019).

Also in June 2019, the Supreme Court issued its decision in *Rehaif v. United States*, which overruled longstanding Ninth Circuit precedent regarding the mens rea element under 18 U.S.C. §§ 922(g) and 924(a)(2). *Rehaif*, 139 S. Ct. 2191, 2200 (2019). Now, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove not only that "the defendant knew that he possessed a firearm, [but also] that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.*

On June 18, 2020, Petitioner filed the present Motion, challenging the validity of his convictions for: (1) Brandishing a Firearm in a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) in light of *Davis*; and (2) Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in light of *Rehaif*.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be

brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

### III.  DISCUSSION

#### A. *Rehaif* Claim

In the present Motion, Petitioner argues that his conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) is invalid because the Government failed to prove that Petitioner knew that he was previously convicted of a crime punishable by more than one year, a felony, as required by *Rehaif*. (Mot. Comp. Rel. 2:7–22, ECF No. 146). Petitioner points out that this mens rea requirement was not present in the superseding indictment or any of the subsequent guilty plea proceedings.[1] (*Id.* 2:7–10). In response, the Government argues that Petitioner's *Rehaif* claim is barred because Petitioner procedurally defaulted by failing to challenge the sufficiency of the superseding indictment on direct appeal prior to filing his petition under 28 U.S.C. § 2255. (Resp. 1:19–20, ECF No. 150).

When a petitioner fails to raise a legal argument on direct appeal, the "procedural default" rule bars collateral review under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). The two noted exceptions to this rule are when a petitioner can show

---

[1] Petitioner erroneously claims that *Rehaif* requires the government to prove that the Petitioner knew he was barred from possessing a firearm. (Mot. Comp. Rel. 7:7–9:2, ECF No. 146). *Rehaif* only requires the government to prove that defendant knew of his alleged status as a previously convicted felon. *See Rehaif v. United States*, 139 S. Ct. 2191, 2198 (2019).

both cause and prejudice, or "actual innocence." *Id.*; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). If the petitioner cannot demonstrate cause and prejudice, he must prove "actual innocence," meaning "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

Here, Petitioner makes no claim that he directly appealed the alleged deficiencies in the superseding indictment based on *Rehaif*.[2] Accordingly, Petitioner procedurally defaulted, and in order to proceed with his *Rehaif* claim, Petitioner must demonstrate both cause to excuse the default and prejudice resulting from the error.[3] *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). To demonstrate cause, a petitioner must show "that some objective factor external to the defense impeded [his] efforts to raise the [barred] claim." *Murray v. Carrier*, 477 U.S. 478, 479 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (internal quotations omitted). A claim is not reasonably available if it "overturn[s] a

---

[2] Petitioner also argues that the failure of the superseding indictment to include the mens rea element that Petitioner knew he was previously convicted of a crime punishable by a term of imprisonment exceeding one year robs this Court of jurisdiction. (Mot. Comp. Rel.14:20–16:13). Petitioner continues that, because his claims are jurisdictional, he is not barred from bringing federal habeas challenges to pre-plea constitutional violations under *Tollett v. United States*, 93 S. Ct. 1602 (1973), which states "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." (Mot. Comp. Rel. 21:14–22:15). However, "defects in an indictment do not deprive a court of its power to adjudicate a case," and so, this Court retains jurisdiction. *United States v. Jackson*, 838 F. App'x 262, 264 (9th Cir. 2020); *United States v. Cotton*, 533 U.S. 625, 630 (2002).

[3] A petitioner can also overcome a procedural default by proving actual innocence however, here, Petitioner makes no such claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Reed v. Ross*, 468 U.S. 1, 17 (1984). (quotation omitted). "Where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise a claim in accordance with applicable state procedures." *Id.* at 17.

To demonstrate prejudice, a defendant must show "a reasonable probability that his conviction or sentence would have been different." *United States v. Lopez*, 577 F.3d 1053, 1060 (9th Cir. 2009) (quoting *Stickler v. Green*, 527 U.S. 263, 296 (1999)). In the context of a guilty plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The actual prejudice prong of the procedural default analysis requires a petitioner show 'not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimensions.'" *United States v. Abundis*, No. 2-18-CR-00158-MMD-VCF-1, 2020 WL 7029892, at *5 (D. Nev. Nov. 30, 2020) (citing to *Murray v. Carrier*, 477 US at 478, 488 (1986)). The Ninth Circuit has consistently rejected *Rehaif* challenges to convictions for Felon in Possession of a Firearm where the petitioner's prior criminal record presents no reasonable possibility that he did not know that he had been convicted of a crime punishable by more than a year in prison. *See, e.g.*, *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (finding that when the petitioner had prior felony convictions resulting in prison sentences exceeding one year, there is no reasonable probability that a jury would reach a different verdict). *See also United States v. Hill*, No. 2:13-cr-00367-JAD-VCF-1, 2021 WL 328684, at *3 (Feb. 1, 2021) ("Hill—having been charged with felony assault and sentenced to prison for at least 24 months only two months before the arrest undergirding this conviction—cannot reasonably claim that he was unaware of his status as a felon.").

In the present case, though cause likely exists,[4] Petitioner is unable to demonstrate prejudice. The Government highlights that Petitioner previously served over a year in prison for a prior felony conviction for Conspiracy to Commit Robbery. (*See* PSR ¶ 66) (indicating that Petitioner was sentenced on December 2, 2008 and paroled over a year later on May 20, 2011.). Based on this criminal history, there can be no dispute that Petitioner knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year when he possessed the firearm in 2014. (*See* PSR ¶¶ 12–13). As such, Petitioner cannot demonstrate that he was prejudiced by his conviction; there is no reasonable probability that his conviction would have been different because the Government could have easily satisfied the mens rea element that Petitioner knew of his status as a convicted felon. *See Lopez*, 577 F.3d at 1060; *Abundis*, 2020 WL 7029892, at *5. Thus, the Court denies Petitioner's Motion with respect to the *Rehaif* claim.[5]

### B. *Davis* Claim

Petitioner claims that, in light of *Davis*, his conviction for Brandishing of a Firearm in a Crime of Violence should be vacated because he did not commit a crime of violence. (Mot. Comp. Rel. 2:23–3:6). The underlying crime of violence for the brandishing conviction is

---

[4] District courts consistently find that *Rehaif*'s holding is a novel claim. *See, e.g.*, *United States v. Hill*, No. 2:13-cr-00367-JAD-VCF-1, 2021 WL 328684, at *3 (Feb. 1, 2021) ("*Rehaif*'s holding is such a novel claim given that it 'overturn[s] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.'") (quoting *Reed*, 468 U.S. at 17).

[5] Petitioner also claims violations of his Fifth and Sixth Amendment Rights, essentially arguing that because the deficiencies in his indictment are structural errors, he need not demonstrate prejudice to persevere with his *Rehaif* claim. (Mot. Comp. Rel. 18:11–21:13, 22:17–24:25). While the Ninth Circuit has not ruled on whether a R*ehaif* error is structural, the Ninth Circuit has determined that *Rehaif*'s reach is limited. *Cf Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020) (clarifying that *Rehaif* establishes a statutory rule and does not invoke constitutional provisions or principals); *United States v. Johnson*, 833 Fed. Appx. 665 (9th Cir. 2020) (applying plain-error review to a *Rehaif* error case). Accordingly, this Court declines to treat a *Rehaif* error as structural. *See also Hill*, 2021 WL 328684, at *4 (rejecting a petitioner's Fifth and Sixth Amendment claims because a *Rehaif* claim does not amount to structural error). Further, Petitioner's pre-plea constitutional challenges are barred by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), because Petitioner only challenged this Court's jurisdiction and not the adequacy, voluntariness, or intelligent character of his guilty plea. *See supra* n.2.

Hobbs Act Robbery, which Petitioner explains only qualified as a crime of violence under § 924(c)'s now unconstitutional residual clause and does not meet the qualifications for a crime of violence under § 924(c)'s force clause. 18 U.S.C. § 924(c)(3)(A); (Mot. Comp. Rel. 25:12–26:5).

The Government counters that Petitioner procedurally defaulted on his *Davis* claim because Petitioner failed to appeal this Court's denial of his pre-trial motion, which also argued that the residual clause was unconstitutionally vague and that Hobbs Act Robbery is not a crime of violence. (Resp. 22:12–17).  Further, the Government points out that regardless of procedural default, Petitioner's claim fails on the merits because Hobbs Act Robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). (Resp. 26:16–18).[6]

As above, because Petitioner failed to appeal his *Davis* claim, he procedurally defaulted and must demonstrate both cause and prejudice to proceed. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). However, the Court finds that Petitioner can demonstrate neither.

First, Petitioner fails to show that his *Davis* claim is so novel that its legal basis was not previously available to counsel. *See Reed*, 468 U.S. at 17.  In fact, Petitioner's counsel raised this exact challenge to § 924(c)'s residual clause in a pre-trial motion, which forecloses the argument that the *Davis* claim was not available at the time. (*See* Mot. Dismiss 1:19–23, ECF No. 75).  Further, the potential futility of an appeal is no excuse for the failure to bring one. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means

---

[6] The Government also argues that Petitioner cannot collaterally attack his sentence because the plea agreement contains a waiver of the right to do so. (Resp. 25:13–26:18, ECF No. 150).  However, this argument fails because a plea waiver is not enforceable when the corresponding sentence relies on a provision declared unconstitutional by the Supreme Court. *See United States v. Hall*, No. 2:16-cr-00321-JAD-GWF, 2021 WL 230046, at *2 (D. Nev. Jan. 22, 2021).  Here, Petitioner is arguing that *Davis* invalidated his conviction because the Supreme Court found the residual clause of § 924(c) to be unconstitutionally vague, and thus, there is no waiver.

simply that a claim was unacceptable to that particular court at that particular time"). Therefore, Petitioner cannot show cause to excuse his procedural default.

Additionally, Petitioner is unable to establish prejudice because, regardless of procedural default, Petitioner's claim fails on the merits. The Ninth Circuit has unequivocally held that Hobbs Act Robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A). *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).[7] Petitioner attempts to avoid this rule by arguing that he only *aided and abetted* Hobbs Act Robbery, and thus did not actually commit a crime of violence. (Mot. Comp. Rel. 30:1–35:13). However, aiding and abetting is merely a theory of liability and does not constitute a separate offense. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) ("the aiding and abetting statute provides a means of establishing liability but does not itself define a crime"). Likewise, defendants who aid and abet crimes are liable for the underlying offenses as a principal. *United States v. Henry*, 984 F.3d 1343, 1355–56 (9th Cir. 2021) ("[The] argument [that aiding and abetting escapes a conviction under § 924(c)] fails because armed bank robbery . . . does have violence as an element. Defendants found guilty of armed bank robbery under either a *Pinkerton* or aiding-and-abetting theory are treated as if they committed the offenses as principals." (citations omitted)). Since Hobbs Act Robbery is a crime of violence, Petitioner committed a crime of violence by aiding and abetting such a robbery, and therefore his conviction for Brandishing of a Firearm in a Crime of Violence is valid. *See, e.g.*, *United States v. Hernandez-Lopez*, No. 2:15-cr-00036-JAD-CWH, 2021 WL 230054, at *4–6 (D. Nev. Jan. 22, 2021) (holding that, since Hobbs Act Robbery is a crime of violence, "whether [defendant] was convicted as a principal or as an aider and abettor for the robbery makes no difference"). Accordingly,

---

[7] A petition certiorari has been filed in *Dominguez*. However, the appeal only challenges the Ninth Circuit holding that *attempted* Hobbs Act Robbery is a crime of violence, not that *completed* Hobbs Act Robbery is a crime of violence. *See Dominguez v. United States*, 954 F.3d 1251 (9th Cir. 2020), *petition for cert filed*, (No. 20-1000). Because the present case concerns a completed Hobbs Act Robbery, any final disposition of *Dominguez* will not affect this Order. (*See* PSR ¶¶ 1, 12–26).

because Petitioner procedurally defaulted on his *Davis* claim and can demonstrate neither cause nor prejudice, the Court denies the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

### C. Certificate of Appealability

To proceed with an appeal of this Order, the Court must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore denies Petitioner a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 146), is **DENIED**.

**IT IS FURTHER ORDERED** that Thomas L. Qualls' Motion to Withdraw as Attorney, (ECF No. 154), is **GRANTED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __16__ day of April, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court